983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene P. REGAN; Michael Regan, Plaintiffs-Appellants,
v.
MANAGER OF EMPLOYEE BENEFITS CORPORATE INDUSTRIAL RELATIONS
OF HUGHES AIRCRAFT COMPANY, Defendant-Appellee.
 No. 90-56357.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Jan. 13, 1993.
 
 1
 Before CANBY and WILLIAM A. NORRIS, Circuit Judges, and TANNER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Eugene Regan and his son, Michael, appeal from the district court's grant of summary judgment on their claim for health insurance benefits under the plan established by Eugene's employer. Eugene seeks reimbursement for Michael's medical expenses under a provision of the Hughes Aircraft Company health insurance plan that extends coverage to dependents of Hughes employees who are under 25 years of age and full-time students. The district court upheld Hughes' denial of coverage because it found Michael was not a full-time student at the time he required treatment. We affirm.
 
 
 4
 We review de novo the district court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). The parties agree that the Hughes Plan is an employee benefit plan subject to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et. seq. The Plan gives the Hughes Benefits Manager discretion to interpret the Plan and to determine whether dependent coverage exists. We therefore review for an abuse of discretion the Manager's denial of benefits. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Eley v. Boeing Co., 945 F.2d 276 (1991).[1]
 
 
 5
 There was no abuse of discretion in this case. The Benefits Manager gave the Regans a straightforward explanation that comports with the plain language of the Plan. Michael was not a full-time student when he suffered the injuries which necessitated treatment; he had not been so either in the fall or summer of 1988. Accordingly, he failed to satisfy the Plan requirements for dependent coverage.
 
 
 6
 Furthermore, Hughes had a rational basis to extend coverage for full-time students not in summer school while denying coverage to Michael, who attended classes in the summer but not in the fall session. Even assuming that there is no uniform academic year, Hughes' practice undoubtedly accommodates many students and their families. Forcing the company to determine effective dates of coverage for each student who follows a different schedule might severely burden the Plan. We lack authority under ERISA to compel Hughes to follow that course.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, United States Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The Regans contend that the arbitrary and capricious standard applies. Several prior cases have used the that term to describe the deferential review applicable to an administrator's interpretation of a benefits plan. See, e.g., Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 894 (9th Cir.1990). However, the Supreme Court in Bruch explicitly selected the term "abuse of discretion", see Bruch, 489 U.S. at 114-15, and Eley follows the Court's lead. See Eley, 945 F.2d at 278 & n. 1. We follow Eley